**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ALIPHCOM, a California Corporation, | Case No.: 10-CV-02337-LHK |
| Plaintiff, | |
| v. | ORDER GRANTING MOTION TO TRANSFER |
| WI-LAN INC., a Canadian Corporation, | |
| Defendant. | |

Aliphcom filed this declaratory judgment action on May 27, 2010, asserting invalidity of two patents owned by Wi-LAN, U.S. Patent No. 5,515,369 (the '369 Patent) and U.S. Patent No. 6,549,759 (the '759 Patent). Compl. (Dkt. No. 1). On July 1, 2010, Aliphcom filed an Amended Complaint adding claims for declaratory judgment of non-infringement of both patents, and unenforceability of the '759 Patent. Am. Compl. (Dkt. No. 11). On July 28, 2010, Wi-LAN moved to transfer this case to the Eastern District of Texas, where a previously-filed case involving alleged infringement of the same two patents is pending. *See* Mot. to Transfer (Dkt. No. 16). The Court held a hearing on this matter on November 4, 2010. Based on the papers and the parties' arguments at the hearing, the Court hereby GRANTS Wi-LAN's Motion to Transfer.

**I.   BACKGROUND**

On April 7, 2010, Wi-LAN filed a complaint asserting the '369 Patent against 28 different defendants (*Wi-LAN*, *Inc*. *v*. *Acer*, *Inc*., Case No. 10-cv-00124, "Texas Action"). *See* McManus Decl. ISO Mot. to Transfer (Dkt. No. 18), Ex. 5. The Texas Action complaint alleges that the

1

Case No.: 10-CV-02337-LHK
ORDER GRANTING MOTION TO TRANSFER

different defendants sell products "compliant with the Bluetooth standards." *See Id.*, ¶¶ 2-45. Wi-LAN did not name Aliphcom in its complaint. *Id.* The Texas Action is pending before the Honorable Judge Ward.

On May 20, 2010, Wi-LAN sent a letter to Aliphcom "indicating Wi-LAN's view that Aliph's Jawbone® headset product practiced United States Patent Nos. 6,549,759 and 5,515,369 . . . .". *See* Mot. to Transfer at 3. Wi-LAN's letter specifies that it accuses Aliphcom's "Bluetooth products" of infringing the '369 Patent. *See* McManus Decl., Ex. 2. Aliphcom responded by filing this case, asserting invalidity of the '369 and '759 Patents, on May 27, 2010. *See* Compl. (Dkt. No. 1). On June 2, 2010, Wi-LAN amended its complaint in the Texas Action to add claims that Aliphcom infringed both the '369 and '759 Patents. *See* McManus Decl., Ex. 6. Wi-LAN also added claims of infringement against Cambridge Silicon Radio (CSR), the company that manufactures the Bluetooth chips used in Aliphcom's products. *See* Mot. to Transfer at 3; Opp'n. to Mot. to Transfer (Dkt. No. 30) at 18.

In addition to the Texas Action, there is another case before Judge Ward in which Wi-LAN has asserted the '759 Patent. On February 3, 2009, Judge Ward granted Wi-LAN leave to assert the '759 Patent against various defendants (not including Aliphcom) in case number 07-cv-00473-JTW, *Wi-LAN*, *Inc. v. Acer*, *Inc* ("Previous Texas Action"). *See Wi-LAN*, *Inc. v. Acer*, *Inc.*, No. 07-cv-00473-JTW, slip op. at 3 (E.D. Tex. Feb. 3, 2009). Judge Ward issued an order construing certain disputed, common claim terms of the '759 Patent in the Previous Texas Action on September 20, 2010. *See Wi-LAN*, *Inc. v. Acer*, *Inc.*, No. 07-cv-00473-JTW, slip op. at 8-27 (E.D. Tex. Sept. 20, 2009).

**II.   ANALYSIS**

Generally, the first-to-file rule holds that "when a complaint involving the same parties and issues has already been filed in another district," the federal court with the second-filed case should defer to the court of the first-filed case. *Pacesetter Sys.*, *Inc. v. Medtronic*, *Inc.*, 678 F.2d 93, 95 (9th Cir. 1982). However, the Texas Action did not name Aliphcom or its Bluetooth chip supplier CSR, and did not assert infringement of the '759 patent, until after the filing of the instant case in this Court. As a result, the parties dispute which case is properly considered the first-filed, as the

2

Case No.: 10-CV-02337-LHK
ORDER GRANTING MOTION TO TRANSFER

Texas Action (at least initially) did not share parties or issues with the instant case. Both parties state that the Federal Circuit has not decided this question. *See* Mot. to Transfer at 13; Opp'n. to Mot. to Transfer at 8.

Wi-LAN urges that its amendment adding Aliphcom and CSR as defendants in the Texas Action, and adding claims of '759 infringement, should "relate back" to April 7, 2010 (the filing of its first Texas Action complaint) for purposes of the first-to-file rule. However, Wi-LAN has cited no case applying the first-to-file rule where the original defendant in the first-filed suit had no relationship at all to the plaintiff bringing the later-filed suit. For example, Wi-LAN relies on several district court decisions in which the first-filed case named as a defendant a party acting together with the plaintiff in the second-filed case. *See Advanta Corp. v. Visa U.S.A.*, Inc., No. 96-7940, 1997 WL 88906 at *2-*3 (E.D. Pa. Feb. 19, 1997). In *Advanta*, the first-filed complaint, alleging trademark infringement, was brought by Visa against American Express based on its partnership with Advanta, but did not separately name Advanta as a defendant. Two days later, Advanta sued Visa in a different forum, alleging anti-trust violations based on the same controversy raised in the first complaint. The court found that "the first-filed rule turns on which court first obtains possession of the subject of the dispute, not the parties of the dispute" and transferred the anti-trust suit to the district where the first-filed case was pending. *Advanta*, 1997 WL 88906 at *3.

Wi-LAN thus asks the Court to define "subject of the dispute" to encompass *any* claim of infringement of the '369 Patent, regardless of the party or product accused, but cites no authority for doing so. *See also Shire U.S., Inc. v. Johnson Matthey, Inc.*, 543 F. Supp. 2d 404, 409 (E.D. Pa. 2008) (finding that "where the actions in question involve the same patent and the same allegedly infringing product," the subject matter requirement of the first to file rule is satisfied); *Horton Archery, LLC, v. Am. Hunting Innovations, LLC*, No. 5:09CV1604, 2010 WL 395572 at *5 (N.D. Ohio Jan. 27, 2010) (finding that "identical" subject matter, including the same accused product, justified first-to-file status). Had Wi-LAN named CSR in its Texas Action initially, and therefore accused the Bluetooth chips used in Aliphcom's products, these cases would be much more persuasive authority. However, Wi-LAN has identified no decision wherein the first-filed case

3
Case No.: 10-CV-02337-LHK
ORDER GRANTING MOTION TO TRANSFER

1    fails to name the plaintiff, or at least a party related to or alleged to act together with the plaintiff,

2    in the second-filed case.

3        Therefore, the Court concludes that for purposes of the first-to-file rule, the first complaint

4    filed in the Texas Action does not satisfy the "same party" and "same subject matter" requirements,

5    and therefore is not the first-filed action. The Court finds that the instant case, brought by

6    Aliphcom, is the first-filed case bringing together the parties and the subject matter.

7        This does not end the inquiry, however. The Federal Circuit has noted that "[e]xceptions

8    [to the first-to-file rule] are not rare, and are made when justice or expediency requires, as in any

9    issue of choice of forum." *Genentech v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993). In

10   this case, both of the patents-at-issue will be or have already been the subject of claim construction

11   by Judge Ward. Judge Ward will likewise have to make decisions regarding infringement and

12   validity of both the '369 and '759 Patents—precisely the issues brought by Aliphcom in its

13   declaratory judgment complaint. If this Court retained Aliphcom's case, it would unavoidably

14   result in unnecessary duplication of judicial efforts, with a resulting risk of inconsistent results as

15   the actions progress in each Court. The Federal Circuit has noted that one "sound reason" for

16   departure from the first-to-file rule is "the possibility of consolidation with related litigation."

17   *Genentech v. Eli Lilly & Co.*, 998 F.2d 931, 938 (Fed. Cir. 1993). More recently, it has held that

18   "the existence of multiple lawsuits involving the same issues is a paramount consideration when

19   determining whether a transfer is in the interest of justice." *In re Volkswagen of Am., Inc.*, 566

20   F.3d 1349, 1351 (Fed. Cir. 2009). Likewise, the Supreme Court has held that "[w]ise judicial

21   administration, giving regard to conservation of judicial resources and comprehensive disposition

22   of litigation, does not counsel rigid mechanical solution of [first-to-file] problems." *Kerotest Mfg.*

23   *Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183-184 (1952). "As between federal district

24   courts . . . the general principle is to avoid duplicative litigation." *Colo. River Water Conservation*

25   *Dist. v. United States*, 424 U.S. 800, 817 (U.S. 1976). Finally, there is no reason that Aliphcom

26   cannot assert all of the claims it raises here in the Texas Action. *See Pacesetter Sys.*, 678 F.2d at

27   96. As a result, the Court finds that Aliphcom's complaint must be transferred to the Eastern

28   District of Texas for consolidation with the Texas Action.

4
Case No.: 10-CV-02337-LHK
ORDER GRANTING MOTION TO TRANSFER

In addition to arguing that its complaint was first, Aliphcom argues that the relative convenience of litigating this matter in this District counsels against transfer. Aliphcom has identified a number of factors that would otherwise counsel against transfer, such as the locations of documents and witnesses. In contrast, Wi-LAN admitted at the hearing on its Motion to Transfer that it has no regular U.S. employees, in Texas or elsewhere, and no "robust" activities in Texas. Therefore, it appears that between Wi-LAN and Aliphcom, the balance of convenience tips in Aliphcom's favor. Ultimately, though, the risk of inconsistent judgments and waste of judicial resources must outweigh the equitable concern of Aliphcom's convenience in litigating its claims. Aliphcom may still raise these concerns in a motion in the Texas Action. *See Pacesetter Sys.*, 678 F.2d at 96 (holding that forum non conveniens arguments should be addressed to the court in the first-filed action, when the second-filed court has deferred to it).

## III.   CONCLUSION

Accordingly, this case is hereby TRANSFERRED to the Eastern District of Texas for consolidation with the Texas Action, Case No. 10-cv-00124.

**IT IS SO ORDERED.**

Dated: November 10, 2010

_____
LUCY H. KOH
United States District Judge

5
Case No.: 10-CV-02337-LHK
ORDER GRANTING MOTION TO TRANSFER