UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALIPHCOM, a California Corporation, ) | Case No.: 10-CV-02337-LHK |
| Plaintiff, ) | |
| v. ) | ORDER DENYING LEAVE TO SEEK RECONSIDERATION |
| WI-LAN INC., a Canadian Corporation, ) | |
| Defendant. ) | |

On November 10, 2010, this Court issued an order transferring this case to the Eastern District of Texas, for consolidation with Case No. 10-cv-00124 pending there. *See* Transfer Order (Dkt. No. 49). On November 19, 2010, Aliphcom filed a Request for Leave to File a Motion for Reconsideration regarding the Transfer Order, and a motion to stay the transfer of the case pending the Court's consideration of the Reconsideration Motion. *See* Motion for Leave (Dkt. No. 51). Because the case was already transferred by the Clerk's Office, the Reconsideration Motion also seeks "recall" of this "administrative transfer."

Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. *Sch*. *Dist*. *No*. *1J v*. *ACandS*, *Inc*., 5 F.3d 1255, 1263 (9th Cir. 1993); Civil Local Rule 7-9. Aliphcom argues that an intervening change in controlling law justifies its request to move for reconsideration. Specifically, Aliphcom bases its request on a recent Federal Circuit decision, *In re Microsoft Corp*., No. 944, 2010 U.S. App. LEXIS 23121

(Fed. Cir. Nov. 8, 2010)[1].  Here, the Federal Circuit granted a writ of mandamus to reverse a denial of transfer of venue from the Eastern District of Texas to the Western District of Washington, pursuant to 28 U.S.C. § 1404(a).  *See Microsoft*, 2010 U.S. App. LEXIS 23121 at *8-*10.  The *Microsoft* decision applied 28 U.S.C. § 1404(a) and analyzed the relative convenience of the parties in litigating in different venues; it did not address a situation where two co-pending lawsuits involve overlapping claims, as the Transfer Order does.  As Aliphcom notes, the *Microsoft* decision found that a presence in the forum state similar to Wi-Lan's presence in Marshall, Texas is entitled to "little consideration" in deciding what forum is most convenient and fair.  *See Microsoft*, 2010 U.S. App. LEXIS 23121 at *9.  Wi-Lan admitted at the hearing that it has no employees or "robust" activities in the United States, and if the Court had determined the § 1404(a) issue, this would have weighed heavily against Wi-Lan in maintaining venue in the Eastern District of Texas.

However, in the Transfer Order, this Court expressly declined to rule on the question of transfer under 28 U.S.C. § 1404(a), and directed the parties to raise the issue with the Court in the Eastern District of Texas.  The concerns about judicial efficiency and inconsistent judgments presented by allowing two cases with overlapping claims to proceed in two different federal courts, as stated in the Court's Transfer Order, are not affected by the Federal Circuit's *Microsoft* decision.  These concerns include the fact that both of the patents-in-suit will be or already have been the subject of claim construction by Judge Ward, and that retention of this case would unavoidably result in parallel and potentially inconsistent determinations of validity, infringement, and enforceability both by this Court and the Eastern District of Texas Court.   Despite the Court's determination that this action was the first-filed, concerns about duplicative litigation outweighed concerns about the parties' convenience.

---

[1] This opinion was designated "non-precedential" by the Federal Circuit.  Pursuant to Federal Circuit Rule 32.1, such decisions are determined by the issuing panel as not adding significantly to the body of law.  Non-precedential Federal Circuit decisions may be cited and relied upon for persuasive authority, but are not binding precedent. *Id*.

2
Case No.: 10-CV-02337-LHK
ORDER GRANTING MOTION TO TRANSFER

Because the Court finds that the standard for granting a motion for reconsideration under Civil Local Rule 7-9 is not met here, the Court denies Aliphcom's Motion for Leave. As a result, Aliphcom's request for a stay of the Transfer Order is also denied.

**IT IS SO ORDERED.**

Dated: November 22, 2010

*Lucy H. Koh*
LUCY H. KOH
United States District Judge